IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT N. JOHNSON,

Plaintiff,

v.

MR. BALDWIN, et al.,

Defendants.                     No. 17-cv-1308-DRH-RJD

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff Robert Johnson, brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 while incarcerated at Pinckneyville Correctional Center. Johnson alleges that he was denied adequate treatment for his medical condition causing deterioration of his hips, legs, and back that have not been adequately treated, thus leaving him confined to a wheelchair. He further alleges that Pinckneyville Correctional failed to comply with the Americans with Disabilities and Rehabilitation Act.

Along with his complaint, Johnson filed a motion for injunctive relief (Doc. 4), which the Court construed as a motion for preliminary injunction, seeking relief against the Warden of Pinckneyville that requires him to place Johnson in administrative segregation, or in the alternative, to transfer him to an IDOC facility with cells that accommodate wheelchairs. He also requests an order directing the warden and other staff members to cease and desist from issuing

retaliatory disciplinary reports, and provide medical care for his urgent medical needs. (Doc. 4).

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Daly submitted a Report and Recommendation ("the Report") on April 5, 2018 (Doc. 24). The Report recommends that the Court deny as moot Johnson's motion for injunctive relief in its entirety, in light of Johnson's transfer from Pinckneyville to his current institution, Menard Correctional Center. It is well established that when a prisoner is transferred or released from IDOC custody his claims for injunctive relief are moot. *See Easterling v. Pollard*, 528 F.App'x 653, 656 (7th Cir. 2013) (citing *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)); see also *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Said relief is moot unless the prisoner "can demonstrate that he is likely to be retransferred." *Higgason*, 83 F.3d at 811 (citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Here, the Report found that there is no evidence that Johnson is likely to be transferred back to Pinckneyville.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (Doc. 24). The Court **DENIES**

as moot Johnson's motion for injunctive relief (Doc. 4) for the reasons given in the Report and Recommendation.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.30
15:24:09 -05'00'

**United States District Judge**